UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE E. LACEY, SR.,      )
         )
      Plaintiff,     )
         )     CAUSE NO. 3:18-CV-590 JD
     vs.     )
         )
P. EVERLY - IDOC STAFF, et al.,     )
         )
      Defendants.     )

## OPINION AND ORDER

Terrance E. Lacey, Sr., a *pro se* prisoner, sues three mail room employees working at the Westville Correctional Facility. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted).

Lacey is an inmate at Westville. He brought this lawsuit complaining about the actions of Westville mail room employees P. Everly, C. Samargin, and Edward Vasquez. Lacey seeks money damages from each of them.

First, Lacey sues for the loss of his wedding band. He alleges that his wedding ring was received in Westville's mail room on January 31, 2018, however, it has never reached his hands. He alleges mail room staff either stole it or lost it. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's Tort Claims Act (Indiana Code § 34-13-31 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Therefore this allegation does not state a federal constitutional claim and the property loss claim will be dismissed without prejudice so that he can pursue it in state court.

Next, Lacey alleges that mail room staff "confiscated a letter to my mother that was sent by my friend." His friend is a fellow inmate at Westville. Lacey complains that, "there is no law stating my friend can't write my mother." ECF 4 at 3. While it is well-settled that prison inmates have a First Amendment right both to send and receive mail, *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005), Lacey does not have standing to make such a claim in this case. This is because the First Amendment right to have mail sent belongs to the sender of the rejected/confiscated mail. *See Smith v. Donohue*, No. 88–2405 (C.D. Ill. Feb. 13, 1991), aff'd, 1992 WL 238340 (7th Cir. Sept. 24, 1992). Here, the confiscated letter was admittedly sent by Lacey's friend, not Lacey. Thus, Lacey does not have standing to assert the rights of his friend in his lawsuit. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) ("Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights...."); *Perry v. Globe Auto Recycling, Inc.*, 227 F.3d 950, 953 (7th Cir.2000) ("Ordinarily, of course, people have no standing to assert the rights of third parties."). Therefore, this claim must be dismissed.[1]

With all the federal claims dismissed, the court turns its attention to Lacey's state law claims. Lacey alleges that the defendants' actions also violated various articles of the Indiana Constitution. ECF 4 at 2-4. But, because the federal claims must be

---

[1]Additionally, even if Lacey had standing to pursue this claim, which he does not, a one-time confiscation of a letter does not violate the federal constitution. *See McClure v. Ruth*, No. 12-CV-3116, 2014 WL 4056552, at *2 (C.D. Ill. Aug 15, 2014) ("An isolated incidence of mail interference is not serious enough to arise to a constitutional violation."); *See also, Flores v. O'Donnell*, No. 99-C-787-C, 2000 WL 34237508, at *2 (W.D. Wis. Nov. 27, 2000) (noting that a one time interference with an inmate's right to associate with family members does not implicate a liberty interest).

dismissed, the court declines to exercise supplemental jurisdiction over Lacey's remaining state law claims. 28 U.S.C. § 1367(c)(3); *Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012). Accordingly, Lacey's state law claims will be dismissed without prejudice and he is free to pursue those in state court.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, Lacey's property loss claim and state law claims are DISMISSED WITHOUT PREJUDICE. His First Amendment claim is DISMISSED pursuant to 28 U.S.C. § 1915A. The clerk is DIRECTED to CLOSE this case.

SO ORDERED on September 7, 2018

_____ /s/ JON E. DEGUILIO _____
Judge
United States District Court